Argued and submitted September 27, 1991, affirmed February 12, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# HASAN A. ABDELRASUL,
*Appellant.*

(89D102863; CA A66360)

826 P2d 58

Richard F. Alway, Salem, argued the cause for appellant. With him on the brief was Winslow Alway & Craig, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was tried and acquitted by jury verdict on January 26, 1990, of selling a counterfeit of a mark. ORS 647.125(1). The items that defendant allegedly sold were cassette tapes bearing a counterfeit trademark. After the verdict, but before entry of the judgment of acquittal, defendant moved for return of the 917 cassette tapes seized and used as evidence against him at trial. ORS 133.643. The state filed a counter-motion to have the tapes destroyed or, in the alternative, to return the tapes to the lawful owners of the registered trademarks. ORS 647.125(2). On May 5, 1990, a hearing was held to determine whether the tapes were counterfeit and, after determining that they were, the court granted the state's motion and ordered that the tapes be destroyed. Final judgment of acquittal was not entered until September 27, 1990.

Defendant does not challenge the trial court's decision on the merits.[1] The only issue before us is whether the state's motion was timely under ORS 647.125(2). If it was not, defendant claims to be entitled to the return of the tapes pursuant to ORS 133.643(4). ORS 647.125(2) provides, in part:

"If the court *in any prosecution* brought under this section determines that a mark is counterfeit, the court:

"(a)   May order the destruction of all such counterfeit marks, all means of making the marks and all goods, articles or other matter bearing the marks, that are in the possession or control of the court or defendant * * *." (Emphasis supplied.)

Defendant argues that, once the jury returned its verdict of not guilty, the "prosecution" had ended, and the court no longer had authority under that statute to determine that the marks were counterfeit. The state, on the other hand, argues that the "prosecution" did not end until the judgment of acquittal had been entered; therefore, the trial court was

---

[1] Defendant, properly, does not argue that the jury necessarily found that the tapes were not counterfeit; the jury could have found that they were but that defendant did not sell any or that, if he did sell any, the sale did not occur in Marion County.

authorized to make that determination under ORS 647.125(2).

The term "prosecution" is not defined in ORS chapter 647, or in any other statute, and the meaning that the legislature intended to ascribe to the phrase "in any prosecution" is unclear on the face of the statute. The phrase is, therefore, ambiguous and, because no legislative history exists to explain what the legislature meant by it, we determine what it *would have* intended had it considered this problem. *Security State Bank v. Luebke*, 303 Or 418, 423, 737 P2d 586 (1987).

According to defendant, the court must make its finding that the mark is counterfeit *during* the trial and enter its finding *before* the jury returns its verdict. If the jury renders its verdict before the court makes its findings, the findings would be too late and the items bearing the counterfeit marks would have to be returned to the defendant. That result would fly in the face of the obvious intended purpose of the statute.

The legislature, in ORS 647.125(2), created a means by which a court, when a person is prosecuted for selling a counterfeit of a mark, can order the destruction of all goods bearing the mark that are in the possession or control of the court or the defendant, if it determines that the mark is counterfeit. The tapes were still in the possession or control of the court. We hold that the phrase "in any prosecution brought under this section" as used in ORS 647.125(2) encompasses the time at least until final judgment is entered. Accordingly, the court had authority to hold the hearing to determine that the tapes bear counterfeit marks and to enter its order.[2]

Affirmed.

---

[2] In any event, defendant himself initiated the process post-verdict to determine whether he was entitled to a return of the tapes.